IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RODNEY RODREQUOUS HARRIS, | ) | |
| # 209672, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:15cv636-WKW |
| | ) | (WO) |
| CARTER F. DAVENPORT, *et al.,* | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter concerns a *pro se* petition for writ of habeas corpus under 28 U.S.C.

§ 2254 filed by Alabama inmate Rodney Rodrequous Harris.  Doc. No. 1.[1]

## I.   BACKGROUND

In January 2012, a Lowndes County grand jury indicted Harris for one count of

robbery in the first degree, in violation of § 13A-8-41, Ala. Code 1975.  On October 15,

2012, Harris pleaded guilty to the charge before Judge Adrian Johnson, a Lowndes County

district court judge.[2]  *See* Doc. No. 8-3 at 1.  On October 17, 2012, the circuit court

sentenced Harris as a habitual felony offender to life imprisonment.  *Id*.

---

[1] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this civil action.  Page references are to those assigned by CM/ECF.

[2] The record indicates that Harris entered his guilty plea after a jury had been struck and immediately before trial commenced.

On November 7, 2012, Harris filed a motion to reconsider sentence. *Id.* On January 3, 2013, the circuit court entered an order in which it modified Harris's sentence and ordered Harris to serve 34 years in prison for his robbery conviction. *Id.*

Harris appealed, presenting these claims:

1. District Court Judge Adrian Johnson did not have jurisdiction to preside over his guilty plea because he was not specially assigned in writing to hear his case, as provided in Rule 13 of the Alabama Rules of Judicial Administration.

2. He was denied his right to be present, as provided in Rule 26.9 of the Alabama Rules of Criminal Procedure, when the circuit court resentenced him to 34 years in prison.

Doc. No. 8-1 at 11–20.

By order dated May 28, 2014, the Alabama Court of Criminal Appeals remanded the case with instructions for the circuit court to (1) supplement the record on appeal to include any documents establishing whether the presiding judge of the Lowndes Circuit Court granted District Court Judge Johnson the authority to preside over Harris's felony case as provided in Ala.R.Jud.Admin 13,[3] and (2) pronounce sentence on Harris as provided in Ala.R.Crim.P. 26.9[4]. Doc. No. 8-3.

---

[3] Rule 13(A) of the Alabama Rules of Judicial Administration provides that "the presiding circuit judge may temporarily assign circuit or district court judges to serve either within the circuit or in district courts within the circuit." The assignments of the judges by the presiding judge must be in writing. Rule 13(B), Ala.R.Jud.Admin.

[4] Rule 26.9 of the Alabama Rules of Criminal Procedure pertains to the pronouncement of judgment and sentence in open court and provides, among other things, that the defendant shall be afforded an opportunity to make a statement before sentence is imposed, that the court shall explain the terms of the sentence to the defendant, and that the defendant shall be advised of his appellate rights. Ala.R.Crim.P. 26.9.

On remand, the circuit court supplemented the record on appeal with an order indicating that the presiding circuit judge appointed Judge Johnson to serve as a special circuit judge in Lowndes County for the week beginning October 15, 2012, during which Harris was scheduled to be tried—and during which Harris entered his guilty plea. *See* Doc. No. 8-4 at 2. Further, on remand, the circuit court conducted a sentencing hearing at which Harris was present with his appointed counsel. *Id*. at 3.

On December 12, 2014, on return to remand, the Alabama Court of Criminal Appeals determined that the circuit court had complied with its remand order and affirmed Harris's conviction and sentence. Doc. No. 8-4. Harris filed no application for rehearing with the Alabama Court of Criminal Appeals, and he filed no petition for writ of certiorari with the Alabama Supreme Court. The Alabama Court of Criminal Appeals entered a certificate of judgment on January 2, 2015.[5] Doc. No. 8-5.

On August 26, 2015, Harris initiated this habeas action by filing a § 2254 petition in which he reasserts the claims presented on direct appeal, i.e., that (1) the district court judge did not have jurisdiction to preside over his guilty plea and (2) he was denied his right to be present at resentencing. *See* Doc. No. 1 at 16–32.

---

[5] It appears that sometime in 2015, Harris, proceeding *pro se*, submitted to the trial court a petition seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure, alleging that his guilty plea was involuntary and that his trial counsel rendered ineffective assistance. *See* Doc. No. 8-6. With the Rule 32 petition, Harris submitted an application for leave to proceed *in forma papuperis* ("IFP"). The trial court denied Harris's IFP application after determining he had the means to pay the filing fee. *See* Doc. Nos. 8-7 & 8-8. The Rule 32 petition was not accepted for filing because Harris did not pay the filing fee after the trial court determined he was ineligible for IFP status.

The respondents answer that Harris's claims are unexhausted and procedurally defaulted because he failed to present them through one complete round of state court appellate review and he may no longer return to state court to exhaust them. Doc. No. 8 at 9–13. In addition, the respondents argue that Harris's claim regarding the district court judge's jurisdiction to preside over his guilty plea involves a question of state law and provides no basis for relief in a federal habeas corpus proceeding. *Id.* at 13–15. The respondents also argue that Harris's sentencing claim is moot because he was afforded a resentencing at which he was present. *Id.* at 15–16.

After consideration of the parties' submissions, the record, and the pertinent law, the undersigned finds the respondents' argument to be well taken. Consequently, Harris is not entitled to habeas relief, and his § 2254 petition should be denied without an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II.   DISCUSSION

### A.   Procedural Default

The procedural default doctrine ensures that "state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." *Picard v. Connor*, 404 U.S. 270, 276 (1971). Before a § 2254 petitioner may obtain federal habeas corpus review, he must "exhaust" his federal claims by raising them in the appropriate court, giving the state courts an opportunity to decide the merits of the constitutional issue raised. *See* 28 U.S.C. § 2254(b)(1) & (c); *Duncan v. Walker*, 533 U.S. 167, 178–79 (2001). To exhaust a claim fully, a petitioner must "invok[e] one complete

4

round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for discretionary review—a petition for a writ of certiorari—filed in the Alabama Supreme Court. *See Smith v. Jones*, 256 F.3d 1135, 1140-41 (11th Cir. 2001); Ala.R.App.P. 39 & 40. The exhaustion requirement applies to state post-conviction proceedings as well as to direct appeals. *See Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

Habeas claims not properly exhausted in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules. *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). "[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] ... there is a procedural default for purposes of federal habeas." *Coleman*, 501 U.S. at 735 n.1 (citations omitted); *see Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003).

## B. Harris's Claims Are Procedurally Defaulted.

A review of the record confirms the respondents' contention (*see* Doc. No. 8 at 9–13) that Harris failed to exhaust his habeas claims through one complete round of state court appellate review on direct appeal. Specifically, Harris filed no application for rehearing with the Alabama Court of Criminal Appeals after that court's December 12,

2014 decision affirming Harris's conviction and sentence and then filed no petition for writ of certiorari with the Alabama Supreme Court.  Harris may no longer return to the state courts to exhaust his claims on direct review because the time for him to apply for rehearing and seek state certiorari review has long since passed.  *See* Ala.R.App.P. 39 & 40.  Thus, the exhaustion and preclusion rules coalesce into the procedural default of Harris's claims. *See Coleman*, 501 U.S. at 735 n.1; *Henderson*, 353 F.3d at 891.

A habeas petitioner can escape the procedural default doctrine either through showing cause for the default and resulting prejudice, *Murray v. Carrier*, 477 U.S. 478, 488 (1986),[6] or establishing a "fundamental miscarriage of justice," which requires a colorable showing of actual innocence, *Schlup v. Delo*, 513 U.S. 298, 324–27 (1995).[7]

After the respondents filed their answer arguing that Harris had procedurally defaulted his claims, this court entered an order allowing Harris to respond to the respondents' answer.  Doc. No. 9.  Harris filed no response.  Under the circumstances, the court finds that Harris has failed to establish cause excusing his procedural default.  Likewise, Harris does not argue that the actual-innocence exception provides a gateway

---

[6] Cause for a procedural default must ordinarily turn on whether the petitioner can show that some objective factor external to the defense impeded efforts to comply with the state's procedural rules or that the procedural default resulted from ineffective assistance of counsel.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *United States v. Frady*, 456 U.S. 152, 170 (1982).  To establish prejudice, a petitioner must show that the errors at trial worked to his actual and substantial disadvantage, "infecting his entire trial with error of constitutional dimensions."  *Frady*, 456 U.S. at 170; *see Murray*, 477 U.S. at 494.

[7] Prisoners asserting actual innocence as a gateway to review of defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt."  *Schlup v. Delo*, 513 U.S. 298, 327 (1995).  This standard "is demanding and permits review only in the 'extraordinary' case."  *House v. Bell*, 547 U.S. 518, 538 (2006).  A petitioner must show "factual innocence, not mere legal insufficiency."  *Bousley v. United States*, 523 U.S. 614, 623–24 (1998).

for review of his procedurally defaulted claims. Consequently, Harris's claims are foreclosed from federal habeas review.

The undersigned also finds well taken the respondents' alternate arguments concerning Harris's claims. The Alabama Court of Criminal Appeals determined that the district court judge was properly appointed under state law to serve as a special circuit judge to hear Harris's case. As the respondents argue (Doc. No. 8 at 13–15), a federal court has no authority to re-examine state court determinations on questions of state law. *Estelle v. McGuire*, 502 U.S. 62, 63 (1991). Because a state court's interpretation of its own laws and rules provides no basis for federal habeas relief, *see Beverly v. Jones*, 854 F.2d 412, 416 (11th Cir. 1988), Harris may not obtain habeas relief on his claim challenging the district court judge's jurisdiction to preside over his guilty plea. *See, e.g., Poe v. Caspari*, 39 F.3d 204, 206–07 (8th Cir.1994) (reversing the grant of federal habeas relief in part because such relief is not available when based on a contention a state court lacked jurisdiction under state law). Finally, it is undisputed that, following the Alabama Court of Criminal Appeals' remand order, Harris had a resentencing hearing at which he was present. As the respondents argue (Doc. No. 8 at 15–16), Harris's claim he was denied his right to be present at resentencing is moot because he has already obtained the relief he seeks by this claim.[8] A claim for relief is moot where it cannot be redressed by a favorable decision of

---

[8] In asserting this claim in his § 2254 petition, Harris attaches what appears to be a copy of the brief filed by his appellate counsel on direct appeal. *See* Doc. No. 1 at 29–33. That brief was filed by Harris's appellate counsel before the Alabama Court of Criminal Appeals entered its remand order directing the trial court to hold a resentencing hearing with Harris present, and before the

the court issuing a writ of habeas corpus. *See Burnett v. Lampert*, 432 F.3d 996, 1000–01 (9th Cir. 2005).

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case be DISMISSED with prejudice.

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner.  The petitioner is DIRECTED to file any objections to this Recommendation on or before June 8, 2017.  Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc*., 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

---

resentencing hearing complying with the appellate court's remand order was in fact held.  Events taking place subsequent to the filing of the appellate brief—i.e., the resentencing of Harris with Harris present—rendered moot this claim as presented in his instant habeas petition.

DONE, this 25th day of May, 2017.


                              /s/ Terry F. Moorer
                              TERRY F. MOORER
                              UNITED STATES MAGISTRATE JUDGE